

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| JAMES E. MCLEAN, JR., <br> a/k/a James Edward McLean, Jr., <br> Petitioner, <br><br> vs. <br><br> WARDEN, FCI ESTILL, <br> Respondent. | §§§§§§§§ | CIVIL ACTION NO. 9:16-2956-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
AND DISMISSING PETITIONER'S HABEAS PETITION**

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the petition be dismissed without prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 27, 2017, and the Clerk of Court entered Petitioner's objections on August 2, 2017. The Court has carefully considered the objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

In Petitioner's objections, he generally presents nothing more than the same contentions he previously presented to the Magistrate Judge. But, the Magistrate Judge discussed and rejected them in the Report. Because the Court agrees with the Magistrate Judge's treatment of those issues, it need not discuss them a second time here. In addition, Petitioner sets forth arguments in his objections so lacking in merit as not to require any discussion. Accordingly, the Court will overrule Petitioner's objections.

The panel decision in *Surratt* states "If a federal prisoner brings a § 2241 petition that does not fall within the scope of th[e] 'savings clause,' then the district court must dismiss the 'unauthorized habeas motion . . . for lack of jurisdiction,' *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010), even if the Government supports the prisoner's position." *United States v. Surratt*, 797 F.3d 240, 247 (4th Cir. 2015) (*reh'g en banc granted* Dec. 2, 2015). Although this decision was vacated when the Fourth Circuit granted an en banc hearing on the matter, this remains a correct statement of law.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court this action is **DISMISSED WITHOUT PREJUDICE**. Any pending motion is thus **RENDERED MOOT**.

2

An order denying relief in a § 2241 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing. Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 31st day of August, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.